BURCH *v.* DE VERE.

ALTERATION OF INSTRUMENTS—RECEIPTS—VENDOR AND PURCHASER —LAND CONTRACTS—FORECLOSURE.

In a suit to foreclose a land contract, evidence *held*, to sustain the finding of the court below that two receipts held by defendants for $1,600 and $1,210 were given for $600 and $210, respectively, and were altered after they were signed.

Appeal from Oakland; Covert (Frank L.), J.    Submitted June 5, 1923.    (Docket No. 20.)    Decided. July 19, 1923.

Bill by Ford B. Burch, administrator of the estate of John M. Lake, deceased, against Andrew J. De Vere and another for the foreclosure of a land contract. From a decree for plaintiff, defendants appeal.    Affirmed.

*Patterson & Patterson,* for plaintiff.

*Perry & Lynch,* for defendants.

CLARK, J.    Plaintiff seeks foreclosure of a land contract made between his intestate, John M. Lake, as vendor, and defendants as purchasers.    The bill, the answer, and the proofs raise simply a question of fact, whether two payments made in the fall of 1918 and in the fall of 1919, respectively, were $600 and $210 as claimed by plaintiff, or $1,600 and $1,210 as claimed by defendants.

Mrs. De Vere, a defendant, was called under the statute for cross-examination and testified of what defendants contend were receipts for such payments, known as Exhibits 2 and 3.    The receipts were written by Mrs. De Vere and signed by Mr. Lake. The trial judge found that the receipts had been altered after having been signed by Mr. Lake, and said:

"From the evidence in the case and after a careful observation of Mrs. De Vere while on the witness stand, I am entirely unable to reconcile the testimony in the case with any reasonable theory except that the witness, Mrs. De Vere, is mistaken about these two payments of principal.

"There is no particular doubt in my mind that Exhibit 2 was given for $600 interest on the land contract and that it was changed to read to cover a payment of $1,000 on principal after it was signed by Mr. Lake and that no such amount was paid him by

Mrs. De Vere.    I am also satisfied that the same is true of Exhibit 3, that she paid Mr. Lake $210 and afterwards the receipt was changed to cover the payment of $1,000 on principal, but such amount was not paid."

Mrs. De Vere admitted having changed one of the receipts but insists that she did it in the presence and at the request of Mr. Lake.    She denied having changed the other.    The original receipts were returned to this court and have been examined.    We agree with the conclusion reached by the trial judge. Defendants' position is weakened, too, by the fact that Mrs. De Vere's testimony that a considerable part of the fund for payment was obtained from Edward Holmes is contradicted by Mr. Holmes.

Defendants complain of the receiving of certain evidence.    But the trial judge said: "That it is not competent evidence and it is therefore stricken from the record and is not in any way considered in arriving at a decision in this case."    We have not considered it.

The decree is affirmed, with costs to plaintiff.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.